IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HUNTER TYLER SCHRECK, *by and through his mother Marcie Schreck,* | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:21-CV-220-Z-BR |
| CITY OF AMARILLO, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT**

The above-styled civil rights Complaint (ECF No. 3) comes before the Court through Marcie Schreck, mother of Hunter Tyler Schreck, on application to proceed as "next friend" (ECF Nos. 8, 10) on behalf of her adult son. The Court issued a Notice of Deficiency regarding the request to proceed as "next friend." *See* ECF No. 7. For the reasons discussed herein, Marie Schreck's application to proceed as "next friend" is **DENIED**, and the Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. Lacking jurisdiction, the Court **DENIES** the application to proceed *in forma pauperis* (ECF No. 5), as moot.

**FACTUAL BACKGROUND**

The Complaint centers around the alleged use of excessive force by several police officers of the Amarillo Police Department—and additionally members of the community—against Hunter Tyler Schreck ("Schreck") stemming from an incident on June 24, 2020. *See* ECF No. 3 at 46-64. Schreck was charged with two felony counts of assault on a peace officer in Randall County, Texas, arising from this same encounter; these charges remain pending. *Id.* at 3, 67. The Complaint

alleges that members of the Jubilee Apostolic Church orchestrated the June 24, 2020, encounter between the police and Schreck, and members of the church also defamed and harassed Schreck before and after the incident. *Id.* at 34-44. Schreck also brings claims for due process violations occurring in his criminal proceedings, denial of access to medical care, and for claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *See id.*

The Complaint alleges that Schreck suffers from Autism Spectrum Disorder, Traumatic Brain Injury (resulting from the June 24, 2020 police encounter), possibly schizophrenia and hallucinations, an unspecified heart condition, and possibly other maladies. *Id.* at 32-34. Despite these allegations, Schreck and his mother Marcie Schreck fought a declaration of "incompetence" in his criminal proceedings and provide no medical documentation reflecting that he has ever been deemed incompetent by a court of law. *Id.* at 78-81, ECF No. 8 at 3-4, 6 ("at times, Hunter Tyler Schreck is inaccessible and inapproachable…"; "Hunter Tyler Schreck has mental illness. He is not crazy. He is not 'insane,' but he can no longer function on his own. He can't protect himself in this matter, and he can no longer manage his affairs. He is 27-yars-old, lives with his parents, and relies on MOMMA SCHRECK for just about everything. Only about 17 percent of young adults on the spectrum have ever lived independently."). In fact, no medical records were submitted regarding Schreck's medical or mental health conditions, and Schreck did not cooperate in the mental health evaluation scheduled for his criminal case. *See* ECF No. 8 at 7 (Hunter Tyler Schreck had a Competency Evaluation by Dr. Gina L. Matteson. Her report allegedly says she was unable to make a determination because Hunter Tyler Schreck answered each of her questions the same way: "Hunter Tyler Schreck. I plead the Fifth.").

LEGAL STANDARD

As a preliminary matter in all cases, the Court must examine the threshold question of its subject matter jurisdiction. *See McDonal v. Abbott Labs*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte.") (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Supreme Court has held that "[t]he burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). In *Whitmore*, the Court gave two requirements for those seeking "next friend" status: (1) "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* at 163.

Rule 17(c) of the Federal Rules of Civil Procedure governs a minor or incompetent's access to federal court. It directs that a minor or incompetent may sue in federal court through a duly appointed representative which includes a general guardian, committee, conservator, or like fiduciary. FED. R. CIV. P. 17(c)(1). If a minor lacks a general guardian or a duly appointed representative, Rule 17(c)(2) directs the court either appoint a legal guardian or "next friend," or issue an order to protect a minor or incompetent who is unrepresented in the federal suit. FED. R. CIV. P. 17(c)(2).

ANALYSIS

Courts in this circuit have uniformly denied next friend status to friends and family members whenever the prospective next friends have failed to produce evidence clearly demonstrating incompetence. *Cf. Fulwood v. Rivera*, No. 1:12-CV-187, 2012 WL 1553906 at *1 (E.D. Tex. May 1, 2012) (denying next friend status to a friend of a prisoner because there was no indication that the prisoner could not prosecute his claims himself); and *Myran v. Clark*, No. 1:11-CV-677, 2011 WL 7110227 at *1 (E.D. Tex. Dec. 9, 2011) (same, but prospective next friend was the spouse of the prisoner); and *Ramirez v. Delcore*, No. C:07-CV-48, 2007 WL 508940 at *1 (S.D. Tex. Feb. 13, 2007) (same, but prospective next friend was the prisoner's parent, and the prisoner was alleged, without corroboration, to be "mentally incompetent" and to have an insufficient grasp of the English language); and *Ables v. Dretke*, No. 4:05-CV-372, 2005 WL 3148439 at *2 (N.D. Tex. 2005) (same, but the prisoner had "a history of psychological problems" though they were not sufficiently serious to render him incompetent); and *Donalson ex rel. Donalson v. Eason*, 1:2-CV-220, 2003 WL 21281656 at *2 (N.D. Tex. May 29, 2003) (same, but prisoner was alleged, without corroboration, to be "probably incompetent" and had purported to give his mother the "power of attorney"); with *Ables v. Quarteman*, No. 4:07-CV-413, 2008 WL 2815574 at *1 n.1 (N.D. Tex. July 15, 2008) (granting next friend status to the parents of an incarcerated minor). As these authorities demonstrate, where, as here, a prospective next friend does not even specifically allege that the real party in interest is incompetent (rather Marcie Schreck makes references to "inaccessibility" and mental health and physical health challenges but does not provide any supporting documentation or indicate Schreck's willingness to submit to psychological evaluation), the prospective next friend has clearly failed to meet her burden under *Whitmore*. *See Rubio v. United States*, No. 11-CR-48-RAJ, 2015 WL 13385924, at *4 (W.D. Tex.

4

Jan. 30, 2015), *report and recommendation adopted*, No. MO11CR000481RAJ, 2015 WL 13387867 (W.D. Tex. Mar. 27, 2015), and *report and recommendation adopted sub nom. United States v. Barrandey*, No. MO11CR000482RAJ, 2015 WL 13387868 (W.D. Tex. May 6, 2015).

A power of attorney, absent proof of incompetency, cannot qualify a person to bring suit as a next friend. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978) (finding, in a habeas case, that "powers of attorney ... cannot alone transform [the attorney in fact] into a next friend"). Incompetency cannot be presumed from the designation of Schreck's mother as his attorney-in-fact. The burden is upon the party claiming next friend status to establish the propriety of this status and thus the Court's jurisdiction. *Whitmore*, 495 U.S. at 164 (citation omitted). Absent that proof, the purported next friend lacks standing, and the Court lacks jurisdiction. *Id.* at 166.

Rule 17(c) does not indicate the basis upon which a court determines the predicate fact that a party not already legally adjudicated to be so, is presently "incompetent." Obviously if there has been a legal adjudication of incompetence and that is brought to a court's attention, the Rule's provision is brought in play. *See Zaro v. Strauss*, 167 F.2d 218 (5th Cir. 1948). No such prior adjudication is alleged here. *See* ECF Nos. 3, 8, and 10. Further, it is fairly well established that "[w]hen the competency of a party is raised, a court may require that party to submit to a psychiatric examination, so that the court may have medical facts on which its decision on the necessity of appointing a guardian ad litem can be based." *Cyntje v. Gov't of Virgin Islands*, 95 F.R.D. 430, 432 (D. Vi. 1982); *see also Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971) ("Where there is a showing of a substantial question of competency, the Judge with protective restrictions can, in making that determination, require a medical examination."). Here, Schreck previously failed to comply with a medical examination in a criminal case regarding incompetency, both he and Marcie Schreck allege to have challenged any request to determine

5

Schreck's incompetency, and no indication is made by her current motion that such an incompetency determination is even requested. Rule 17(c) specifically exists to protect minors and incompetent individuals.[1] Despite Marcie Schreck's allegations that "at times" Schreck is "inaccessible and unapproachable" and her claims and statements regarding his mental health challenges, she has not provided sufficient information to show that Schreck is unable to proceed on his own behalf.

Further, it is quite clear that Marcie Schreck intends to "represent" her son in this matter. Her most recent filing (ECF No. 10) makes clear she fails to understand that a power-of-attorney does *not* present an individual with the right to represent someone as "next friend" in a *pro se* capacity and to act as an actual attorney. Although some circumstances may warrant filing on another's behalf as a "next friend," "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). An "attorney-in-fact" designation is *not* a license to practice law, and even if "next friend" status were to be granted, the Court would then proceed to appoint counsel that would represent her son's interests. However, as Marcie Schreck has presented the Court with insufficient information and documentation to meet her burden of establishing "next friend" status, the Court **DENIES** her application to proceed as "next friend" and must **DISMISS** the Complaint for lack of subject matter jurisdiction.

---

[1] Marcie Schreck argues that her son is not "insane." This Court is not affixing such a label by determining his competence; rather, the allegations of Schreck's "disability" must be shown to affect his ability to litigate this case on his own. The sole piece of medical documentation submitted to support such claims is Plaintiff's Exhibit 100 – a report on the "traumatic brain injury" of Schreck. *See* ECF No. 3 (Exhibit 100 of Attached Exhibits). This document does not provide a medical analysis from a licensed medical doctor of *how* Schreck's "traumatic brain injury" affects his cognitive function or impairs his understanding. Thus, this document is insufficient to support the statements made by Marcie Schreck concerning cognition and her son's abilities.

CONCLUSION

Marcie Schreck's application to proceed as "next friend" of Hunter Tyler Schreck is **DENIED**. The Court **ORDERS** that the Complaint (ECF No. 3) filed by Marcie Schreck on behalf of her adult son, Hunter Tyler Schreck, be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

November 8, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE